UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60387-CIV-GAYLES/SELTZER

SOFIYA NAZAROVA,
a/k/a SOFIYA COHEN,

    Plaintiff,

vs.

HILLCREST EAST NO. 22, INC.,
a Florida not for Profit corporation,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Motion to Dismiss Complaint with Prejudice ("Motion to Dismiss" or "Motion") (DE 18) filed by Defendant Hillcrest East No. 22, Inc. ("Defendant") and was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the United States District Court for the Southern District of Florida (DE 25). The undersigned has carefully reviewed the file and is otherwise fully advised in the matter. For the reasons set forth below, the undersigned RECOMMENDS that the Motion (DE 18) be GRANTED in part and DENIED in part.

I.     PROCEDURAL HISTORY

Plaintiff filed a Complaint (DE 1) in this Court setting forth the two counts for violation of the Fair Housing Act ("FHA") and the Florida Fair Housing Act: Count I – Failure to Reasonably Accommodate (42 U.S.C. § 3604(f)(3)(B); Fla. Stat. §760.23(9)(b)); and Count II – Discrimination in the Terms, Conditions, or Privileges of the Provision of

Services or Facilities in Connection with a Dwelling (42 U.S.C. § 3604(f)(2); Fla. Stat. § 760.23(8)). Plaintiff seeks by way of relief compensatory and punitive damages and attorney's fees and costs.

Thereafter, Defendant filed the instant Motion (DE 18), setting forth three grounds for dismissal: "(1) The Complaint fails to state a claim pursuant to 42 U.S.C. § 3604(f)(3)(B) as the Association did not deny the requested accommodation; (2) The Complaint fails to state a distinct and separate claim pursuant to 42 U.S.C. § 3604(f)(2); (3) The Complaint fails to state a claim for Punitive Damages." Motion at 2 (DE 18). Plaintiff then responded (DE 21) to the Motion, and Defendant replied (DE 24) thereto.

The Motion to Dismiss is now ripe for decision.

## II.   BACKGROUND

The Complaint alleges that Plaintiff and her husband own a unit in the Defendant condominium. Complaint ¶ 3 (DE 1). Plaintiff suffers from patellofemoral syndrome of both knees, a condition that is characterized by chronic knee pain and that has placed her under physicians' care for several years. ¶ 5. Her physicians have advised that she would benefit greatly from regular exercise in a non-weight bearing manner, as in a swimming pool. ¶ 6. Although the Defendant condominium has a swimming pool as part of its common elements, it has refused Plaintiff use of the pool because her husband has an outstanding debt to Defendant, an attorney's fee judgment from an unrelated dispute. ¶¶ 7-9.

According to the Complaint, Plaintiff and her husband notified Defendant that due to her medical condition Plaintiff needed to utilize the pool to exercise and to obtain relief from her pain. In or around November 2016, Plaintiff, through her husband, provided

Defendant a letter from her treating physician, Dr. Alejandro Andreu, indicating that Plaintiff was a patient under his care and would greatly benefit from regular exercise in a non-weight bearing manner, as in a swimming pool. Defendant determined that his letter was insufficient. ¶ 10,

In January 2017, Plaintiff, through her husband, again notified Defendant that as a result of her medical condition she needed to utilize the swimming pool to relieve her pain and to obtain a benefit. Upon request of Defendant, in or around January 2017, Plaintiff provided Defendant a second letter from Dr. Andreu, explaining that Plaintiff was diagnosed with patellofemoral syndrom of both knees and stating: "She was prescribed 20 mg paracetamol and would greatly benefit from regular exercise in a non-weight bearing manner as in a swimming pool due to her medical condition." Defendant did not respond to Plaintiff's request. ¶ 11.

On or about July 11, 2017, Plaintiff received a written prescription from her new physician, Dr. Michael Margolis. In addition to pain medication, the written prescription provided for "regular exercise in a non-weight bearing manner, as in a swimming pool, due to her medical conditions." ¶ 14. In July 2017, Plaintiff, through her husband, delivered to Defendant Dr. Margolis' written report and prescription for swimming pool therapy, which explained that Plaintiff was diagnosed with arthritis of the lower back, shoulders, and both knees. Defendant, however, did not respond to Plaintiff's requests to use the pool. ¶¶ 15-16.

On or about August 7, 2017, Plaintiff, through her husband, delivered a written request for approval to use the swimming pool as therapy for her severe arthritic condition. He delivered a copy of the three previous medical letters, which described the necessity

3

that Plaintiff have access to and use of the pool to accommodate her medical condition. Plaintiff's husband requested a response not later than August 12, 2017.  ¶ 17.

On or about August 22, 2017, Defendant, through its attorney, responded by letter to Plaintiff, requesting more information.  ¶¶ 18, 19.  That letter, attached as Exhibit "D" to the Complaint, states in pertinent part:

> This law firm represents Hillcrest East No. 22, Inc. ("Association").  The Association has informed me that you have made an accommodation request on behalf of your wife, Sofiya Cohen a/k/a Sofiya Nazarova.  You have informed the Association that you are requesting an accommodation for your wife to use the swimming pool.  The purpose of this letter is to request additional information so that the Association may conduct a meaningful review of your request.
>
> Section 718.303(4) of the Florida Statutes provides that if a unit owner is more than 90 days delinquent in paying a fee, fine, or other monetary obligation due to the association, the association may suspend the right of the unit owner or the unit's occupant, licensee, or invitee to use common elements, common facilities, or any other association property until the fee, fine, or other monetary obligation is paid in full. The Association will make a reasonable accommodation in situations where the resident's disability is sufficiently documented and the relationship between the disability and the need for the accommodation is provided. While the Association is sympathetic to your wife's condition, the Association owes a duty to all of its members to  ensure  that accommodations are warranted and properly documented.
>
> You have provided two letters from Alejandro Andreu, MD dated November 8, 2016 and January 11, 2017 as well as one letter from Michael Margolis, DO dated July 11, 2017.  However, these letters are insufficient to overcome the Association's suspension of the use  of  the  pool  and  obtain  an exception for a reasonable accommodation.  Specifically, the doctors' letters simply state that your wife would benefit from regular exercise in a non-weight bearing manner as in a swimming pool while failing to state how the accommodation is necessary for your wife's use and enjoyment of the dwelling.
>
> Within ten (10) days from the date of this letter, please provide a letter, preferably from a treating physician, containing the following information: (1) listing any major life functions that are affected by such impairments or handicaps (2) how the use of the pool is related to your wife's impairments

4

> and (3) how the use of the pool is necessary to your wife's use and enjoyment of the dwelling.
>
> Please be advised that the Association is not denying your request at this time, rather is engaging in an interactive process to facilitate an opportunity for the Association to conduct a meaningful review. In the event that you fail to comply with the mandates of this letter, the Association will be forced to deny your request.

(DE 1-1, Ex. D).

On or about September 19, 2017, Plaintiff's attorney responded to the letter from Defendant's attorney, stating that Plaintiff had already provided the requested information but that upon her return from a trip she would provide an affidavit. Complaint ¶ 20 (DE 1).

On or about October 6, 2017, Plaintiff, though her attorney, provided Defendant's attorney with the promised affidavit, a copy of which was attached to the Complaint as Exhibit "F." ¶ 21. In pertinent part, Plaintiff's affidavit states:

> 2.  Affiant suffers from debilitating arthritis of my lower back, shoulders, and bilateral knees, which creates a limitation of my ability for major life activities.
>
> 3.  I have been suffering from this condition from approximately 1999, after a car accident. The condition has gotten worse over the years.
>
> 4.  I have had surgery on both my knees.
>
> 5.  I also have torn ligaments in my right shoulder, which requires dangerous surgery, which, could leave me with [sic] use of my right hand, due to my age. Accordingly, I have decided to forego that risky surgery. My condition limits my use of my right arm and the level I can raise or use my right arm.
>
> 6.  I have been advised by my doctors to obtain water therapy in a swimming pool. Specifically, Dr. Michael Margolis, DO has prescribed regular exercise in a non-weight bearing manner, as in a swimming pool, in addition to my pain medication, as a result of my debilitating medical condition.
>
> 7.  The prescribed water therapy includes, among other things, lifting

5

> floating weights to help with the movement of the arms and shoulders. The water exercise in the pool relieves my weight and allows me to flex my joints, which I cannot due on dry land and without the use of the water.
>
> 8. I have previously provided to the Board of Directors of the Hillcrest East No. 22 Condominium letters from my various doctors, however, to date they have refused to allow my access for the required therapeutic use of the pool facility at the condominium, despite my debilitating condition. This is being provided in the hope that the Association Board will now approve my use of the swimming pool facility for purposes of the required therapy required due to my debilitating medical condition, and that they will cease their continuing policy of denying me rights to use the facilities of my condominium which I need for my disabling condition.

(DE 1-1, Ex. F). Defendant's attorney responded that he had received the email, that he would be out of the office until October 23, 2017, and that he would let Plaintiff's attorney know of Defendant's decision upon his return. Complaint ¶ 22 (DE 1).

The Complaint alleges that as of the date of its filing, February 21, 2018, Defendant had either refused to act or had otherwise refused to respond to Plaintiff's request to use the swimming pool as prescribed by her physician for her severe arthritic condition. Id. ¶ 23.

III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A pleading that asserts mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. And "on the assumption that all the allegations are true (even if doubtful in fact)," the factual allegations

pleaded "must be enough to raise a right to relief above the speculative level." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. (alterations in original) (quoting Fed. R. Civ. P. 8(a)(2)). "The Supreme Court has employed a 'two-pronged approach' in applying the foregoing principles: first, a reviewing court should eliminate any allegations in the complaint that are merely legal conclusions; and second, where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Boyd v. Warden, Holman Correctional Facility, 856 F.3d 853, 864 (11th Cir. 2017) (quoting Iqbal, 556 U.S. at 679).

IV.  MOTION TO DISMISS

    A.  Denial of the Requested Accommodation

Defendant's first ground for dismissal is that the Complaint in Count I fails to state a claim pursuant to 42 U.S.C. § 3604(f)(3)(B) because Defendant never actually denied the requested accommodation. Defendant argues: "In this case, Plaintiff cannot establish

7

an essential element of her claim, unless Plaintiff can establish Defendant denied the request. Plaintiff has not met such a burden and Plaintiff cites no authority that allows an FHA discrimination case to proceed in the absence of the required showing that Defendant refused the accommodation." Reply at 4 (DE 24). The undersigned does not agree.

The FHA prohibits discriminating against a person on the basis of a "handicap" or a disability by refusing to make reasonable accommodations when necessary to afford the person equal opportunity to use and enjoy a dwelling. Bhogaita v. Altamonte Heights Condo. Ass'n, 765 F.3d 1277, 1285 (11th Cir. 2014).[1] A successful failure-to-accommodate claim has four elements. To prevail, one must prove that (1) she is disabled within the meaning of the FHA, (2) she requested a reasonable accommodation, (3) the requested accommodation was necessary to afford her an opportunity to use and enjoy her dwelling, and (4) the defendants refused to make the accommodation. Schwarz v. City of Treasure Island, 544 F.3d 1201, 1218-19 (11th Cir. 2008).

For a demand to be specific enough to trigger the duty to provide a reasonable accommodation, the defendant "must have enough information to know of both the disability and desire for an accommodation, or circumstances must at least be sufficient to cause a reasonable [landlord] to make appropriate inquiries about the possible need for an accommodation." United States v. Hialeah Housing Authority, 418 Fed. Appx. 872, 876 (11th Cir. 2011); accord Bhogaita, 765 F.3d at 1287 ("Generally, housing providers need

---

[1] The undersigned notes that the FHA and the Florida Fair Housing Act are substantively identical and, therefore, the same legal analysis applies to each. Loren v. Sasser, 309 F.3d 1296, 1299 n.9 (11th Cir. 2002).

only the information necessary to apprise them of the disability and the desire and possible need for an accommodation."). Here, Plaintiff has pled sufficient facts to establish that Defendant knew of both the disability and desire for the accommodation. More specifically, Defendant had been provided with the following: a November 8, 2016 letter from Dr. Andreu, stating that Plaintiff would benefit from swimming pool therapy; a January 11, 2017 letter from Dr. Andreu, providing Plaintiff's medical diagnosis of patellofemoral syndrome, her medicine dosage and prescription, and her need for swimming pool therapy; a July 11, 2017 letter from Dr. Margolis, providing Plaintiff's diagnosis of lower back, shoulder, and bilateral knee arthritis and referencing her pain medications and need for regular non-weight bearing exercise; and an October 6, 2017 affidavit from Plaintiff, describing her arthritis of the lower back, shoulders, and knees, her history of bi-lateral knee surgery, her torn shoulder ligaments and limited use of her right arm, and her physician prescribed need for water therapy and pain medication.

Defendant appears to rest its argument for dismissal on the fact that it never actually "denied" Plaintiff's request for an accommodation. Yet, a denial of an accommodation need not be actual, it may be constructive; courts have made clear that an indeterminate delay in responding to a requested accommodation has the same effect as an outright denial. Hialeah Hous. Auth., 418 Fed. Appx. at 872. The Eleventh Circuit has stated that "[t]he FHA does not demand that housing providers immediately grant all requests for accommodation," but that "[t]he failure to make a timely determination after meaningful review amounts to constructive denial of a requested accommodation, as an indeterminate delay has the same effect as an outright denial." Bhogaita, 765 F.3d at 1285-86 (citations and internal quotations omitted).

9

Here, the Complaint makes clear that Plaintiff went to great lengths to apprise Defendant of her disability and her need for an accommodation – physician letters to Defendant in November 2016, in January 2017, and in July 2017, followed by a sworn affidavit in October 2017.  Defendant's attorney in late October 2017 indicated that he would soon be responding to Plaintiff's attorney with a decision from his client, yet as of the date of the filing of the Complaint, February 21, 2018, Defendant had still not responded to Plaintiff's request for an accommodation.  Stated differently, Defendant had ceased to participate in the "interactive process" that its attorney had represented it was willing to engage.  Plaintiff, therefore, has pled sufficient facts to state a plausible claim for constructive denial of her requested accommodation.  To the extent Defendant's Motion to Dismiss is grounded on the argument that it had never actually rejected the requested accommodation, it should be denied.

B.      Failure to State a Distinct and Separate Claim

Defendant's second ground for dismissal is that the Complaint in Count II fails to state a distinct and separate claim pursuant to 42 U.S.C. § 3604(f)(2).  The undersigned agrees.

In Count II, entitled "Discrimination in the Terms, Conditions, or Privileges of the Provision of Services or Facilities in Connection with a Dwelling (42 U.S.C. § 3604(f)(2); Fla. Stat. § 760.23(8))," Plaintiff alleges, in pertinent part:

> It is unlawful to make an inquiry as to the nature or severity of a handicap of a person with a disability beyond which was necessary to afford [Plaintiff] an accommodation at her home.
>
> Such requests described hereinabove were solely made for the intrusive and prurient and hostile interests of the agents and employees of [Defendant].

10

. . . .

> As a result of [Defendant's] unreasonable inquiries, [Plaintiff] was subject to discrimination in the terms of and conditions of the services and facilities of her condominium, by limiting the full and equal enjoyment of the condominium swimming pool.

Complaint ¶¶ 40, 41, 43 (DE 1).

In essence, Plaintiff alleges in Count II that Defendant's inquiries as to the nature or severity of her disability constitute a separate theory of recovery under the FHA. These inquiries, however, do not constitute a separate and distinct claim, but are merely evidence of the alleged denial of a reasonable accommodation. See Solodar v. Old Port Cove Lake Point Tower Condominium Association, Inc., 2012 WL 1570063, at * 7 (S.D. Fla. 2012) (dismissing count two of complaint alleging violation of § 3604(f)(2) based on inquiries into nature and severity of disability as it was redundant and did not plead a separate and distinct claim).

The district court opinion in Bhogaita is on point. See Bhogaita v. Altamonte Heights Condominium Assn., Inc., 2012 WL 10511 (M.D. Fla. 2012). Facing similar claims as those pled here, the court quoted the language of § 3604(f)(2) and § 3604(f)(3)(B) to explain why the alleged violation of § 3604(f)(2) in Count II (the request for additional information) did not constitute a separate cognizable claim:

> 42 U.S.C. § 3604(f)(2) provides, in relevant part, "it shall be unlawful . . . [t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap." Subsection (f)(3)(B)—the purported basis for Count I—provides, "[f]or the purposes of this subsection, discrimination includes . . . a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." Although Count I purports to state a cause of action under (f)(3)(B), it is properly actionable under (f)(2). Count II is merely

11

>an attempt to characterize [Defendant's] requests for additional information as a separate cognizable injury under the FHA. There appears to be no basis in the statute for such a claim.

Id. at *4.

Similarly, in this case, § 3604(f)(3)(B), the purported basis for Claim I, is merely a specific example of the discrimination that is properly actionable under § 3602(f)(2). Count II, therefore, which alleges a violation of § 3602(f)(2) is merely an attempt to characterize Defendant's request for information as a separate cognizable injury under the FHA. However, in the words of the Bhogaita court, "There appears to be no basis in the statute for such a claim." 2012 WL 10511, at *4. As the Solodar court points out: "[T]he inquiries are merely evidence of the alleged denial of a reasonable accommodation" and do "not give rise to a separate cause of action." 2012 WL 1570063 at *7. Accordingly, the undersigned recommends that Count II be dismissed with prejudice as Defendant's request for additional information is evidence of its alleged denial of a reasonable accommodation and does not give rise to a separate and distinct claim.

### C. Punitive Damages

Defendant's third ground for the Motion to Dismiss is that the Complaint fails to state a claim for punitive damages. The undersigned construes this ground for the Motion as one to strike the demand for punitive damages. The undersigned, however, believes that the facts, as pled, do not warrant striking the demand.

Because there is a recommendation that Count II be dismissed, the propriety of the punitive damages demand will be assessed only under Count I – the refusal-to-accommodate claim. Judge Scola of this Court has addressed the propriety of punitive damages in a refusal-to-accommodate case that is instructive here. See Sabal Palm

Condominiums of Pine Island Ridge Ass'n, Inc. v. Fischer, 2014 WL 988767 (S.D. Fla. March 13, 2014) (Scola, J.). Judge Scola opined that punitive damages are available when a defendant's conduct involves reckless or callous indifference to the federally protected rights of others, more specifically, when a defendant discriminates in the face of a perceived risk that its actions will violate federal law:

> Punitive damages are available under the FHA for a refusal-to-accommodate claim. 42 U.S.C. § 3613(c) (providing that punitive damages may be awarded if a court "finds that a discriminatory housing practice has occurred or is about to occur); 42 U.S.C. § 3602(f) (providing that an act that violates § 3604(f)(3)(B) is a discriminatory housing practice). "The Eleventh Circuit has not discussed when punitive damages become available in Fair Housing Act cases." United States v. Gumbaytay, 757 F. Supp. 2d 1142, 1150 (M.D. Ala. 2011). But many other circuits have, and they use the standard set forth in Kolstad v. American Dental Association, 527 U.S. 526, 533–39, 119 S. Ct. 2118, 144 L. Ed. 2d 494 (1999), which analyzed when punitive damages are available in a Title VII of the Civil Rights Act case under 42 U.S.C. § 1981a(b)(1). Id. at 1151 (collecting circuit cases applying the Kolstad standard to punitive damages under the FHA). The Court is convinced by these and other decisions that the Kolstad standard used to analyze punitive damages in civil-rights cases should also be used in FHA cases. See id. (being similarly convinced).
>
> Under this standard, "[p]unitive damages are appropriate in a federal civil rights action when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Quigley v. Winter, 598 F.3d 938, 952–53 (8th Cir.2010) (internal quotation marks omitted) (applying the Kolstad standard to analyze punitive damages under the FHA). Kolstad held that "the terms 'malice' and 'reckless [indifference]' ultimately focus on the actor's state of mind." Id. at 953 (quoting Kolstad, 527 U.S. at 535) (entire quotation drawn from Kolstad except for brackets). More specifically, they "pertain to the defendant's knowledge that he may be acting in violation of federal law, not his awareness that he is engaging in discrimination." Id. (quoting an Eighth Circuit cases quoting Kolstad, 527 U.S. at 535) (brackets omitted). So for punitive damages to be available, a defendant "must at least discriminate in the face of a perceived risk that [his or her] actions will violate federal law." Kolstad, 527 U.S. at 536; accord Quigley, 598 F.3d at 953.

Sabal Palm Condominiums, 2014 WL 988767, at *23–24.

The undersigned agrees with Judge Scola that the <u>Kolstad</u> standard used to analyze punitive damages in civil-rights cases should also be used in FHA cases. Based on the facts set forth in the Complaint, and the documents attached thereto, Defendants had more than enough information – three physician letters and Plaintiff's affidavit – to decide whether or not Plaintiff was entitled to her accommodation under the FHA, yet they failed to provide any response after their attorney had promised to do so in October 2017. Therefore, when Plaintiff alleges that "[s]uch actions by Defendant . . . were in total and reckless disregard of Plaintiff's rights and in different [sic.] to the medical conditions or needs of Plaintiff," that allegation is plausible. Complaint ¶ 36 (DE 1). Moreover, the letter from Defendant's attorney stating that Defendant "will make a reasonable accommodation in situations where the resident's disability is sufficiently documented and the relationship between the disability and the need for the accommodation is provided," <u>Id.</u> ¶ 19, more than plausibly establishes that Defendant perceived the risk that they may be violating the FHA when they failed to respond to Plaintiff's request for an accommodation.

In sum, because the factual allegations here make it plausible that Defendants perceived the risk that their actions may violate federal law, a punitive damages demand is valid at this stage of the proceedings. The undersigned, therefore, recommends that to the extent Defendant's Motion seeks to strike the demand for punitive damages, it be denied.

V.   <u>CONCLUSION</u>

For the reasons stated, the undersigned respectfully RECOMMENDS that the Motion to Dismiss Complaint with Prejudice (DE 18) be GRANTED in part and be DENIED in PART. More specifically, the undersigned RECOMMENDS that the Motion (DE 18) be

GRANTED to the extent that Count II be DISMISSED WITH PREJUDICE and RECOMMENDS that the Motion (DE 18) be DENIED in all other respects.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge.  Failure to file objections timely shall bar the parties from a <u>de novo</u> determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  <u>See</u> 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Henley v. Johnson</u>, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2017).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 3rd day of July 2018.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

Honorable Darrin P. Gayles
United States District Judge

All counsel of record